**REED SMITH LLP**
*Formed in the State of Delaware*
Ethan R. Buttner
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Tel.: (609) 987-0050
ebuttner@reedsmith.com
Attorneys for Defendant Synchrony Bank

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAUN GOURDINE,<br><br>    Plaintiff,<br>vs.<br><br>SYNCHRONY BANK/FRAUD UNIT,<br><br>    Defendant. | CASE NO.: |

### NOTICE OF REMOVAL

Defendant Synchrony Bank ("Synchrony"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby notices removal of the state court civil action known as *Shaun Gourdine v. Synchrony Bank,* Case No. UNN-SC-000694-19, from the Superior Court of New Jersey, Law Division, Special Civil Part, Union County, to the United States District Court for the District of New Jersey, and in support thereof states as follows:

1. On or about August 6, 2019, Plaintiff Shaun Gourdine ("Plaintiff") filed a Complaint against Synchrony in the Superior Court of New Jersey, Law Division, Special Civil Part, Union County (the "State Court"), Case No. UNN-SC-000694-19. In compliance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and all process, pleadings, and orders served upon Synchrony is attached hereto as **Exhibit 1**.

2. Except for the notice filed with respect to this Notice of Removal, as of the date of this filing, no pleadings, motions, or papers other than the Complaint have been filed with the State Court in this action.

3. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## GROUNDS FOR REMOVAL

**I.  Synchrony Has Satisfied the Procedural Requirements for Removal.**

4. Synchrony first received a copy of the Complaint on August 12, 2019. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its Notice of Removal within 30 days of its receipt of the initial pleading setting forth the claim for relief upon which such action is based.

5.  This Court is the proper court because it embraces the State Court where Plaintiff's action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

6.  No previous request has been made for the relief requested herein.

7.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk.

## II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction.

8.  Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

9.  Removal of such cases is governed by 28 U.S.C. § 1441(b). Section 1441(b) makes clear that a case brought in state court, raising a federal question, "*shall* be removable" to the United States District Courts "without regard to the citizenship or residence of the parties." *See* 28 U.S.C. § 1441(b) (emphasis added).

10. Here, Plaintiff's Complaint purports to assert a claim against Synchrony for "the same personal injury as in *Sellers v. Bureau of Prisons*, 959 F. 2d. 307 (D.C. Cir. 1991). *Sellers* was brought under a federal statute, mainly the Privacy Act of 1974 (the "Privacy Act"), 5 U.S.C. § 552a et. seq. *See* Complaint.

11. Plaintiff's Complaint alleges violations of a federal statute, the Privacy Act, and consequently "arises under" the laws of the United States. *See* 28

U.S.C. § 1331. Therefore, this Court may properly exercise jurisdiction over this claim.

12. To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

13. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

WHEREFORE, Defendant Synchrony Bank, by counsel, respectfully requests that the above-referenced action, originally filed in the Superior Court of New Jersey, Law Division, Special Civil Part, Union County, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: August 23, 2019

**REED SMITH LLP**

By: *s/Ethan R. Buttner*
Ethan R. Buttner