NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAUN GOURDINE, <br><br> Plaintiff, <br><br> v. <br><br> SYNCHRONY BANK/FRAUD UNIT, <br><br> Defendant. | Civil Action No.: 19-17154 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Defendant Synchrony Bank Fraud Unit ("Defendant") to dismiss the Complaint. ECF No. 3.[1] Plaintiff Shaun Gourdine ("Plaintiff") filed this action in the Superior Court of New Jersey. See ECF No. 1-1. Defendant removed the matter to this Court. ECF No. 1. The motion is decided without oral argument pursuant to Fed. R. Civ. P. 78(b). For the forgoing reasons, Defendant's motion (ECF No.3) is **GRANTED.**

## I. BACKGROUND

Plaintiff alleges that Defendant caused him, "the same personal injury as in Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992)." ECF No. 1-1 at 6. Sellers was brought under a Federal Statute: The Privacy Act of 1974. See generally Sellers, 959 F.2d 307 (D.C. Cir. 1992). Plaintiff alleges Defendant violated the Privacy Act when Defendant "provided the public and credit bureau's [sic] with negative information stating that plaintiff had an open collection account. Id. Plaintiff further contends that "Plaintiff contacted Defendant on numerous occasions and

---

[1] On January 24, 2020 the Court ordered that Plaintiff file a brief, within thirty days, in response to Defendant's motion to dismiss. ECF No. 4. Plaintiff has not filed a brief in opposition.

Defendant fail[ed] to stop reporting this negative information or stop billing Plaintiff for this collection account and that Defendant "fail[ed] to provide the executed contract signed by Plaintiff." Id.

## II. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).

## III. ANALYSIS

Plaintiff fails to allege that Defendant is an "agency" subject to the requirements of the Privacy Act. The Privacy Act relates to how federal agencies collect, use, and disseminate private

2

information. See El v. Marino, 722 Fed. Appx. 262, 265 (3d Cir. 2018). The Privacy Act defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 551(1). There is no private right of action under the Privacy Act against an entity that is not a federal government agency. N'Jai v. Pittsburgh Bd. Of Pub. Educ., 487 Fed. Appx. 735, 737 (3d Cir. 2012) (citing Pennyfeather v. Tessler, 431 F. 3d 54, 56 & n.1 (2d Cir. 2005)). Here, Plaintiff has not, and cannot allege Defendant, as a private company, is an "agency" of the federal government as defined by the Privacy Act. See Marino, 722 Fed. Appx. at 266 (explaining that a private company is not a state actor). Therefore, Plaintiff does not have a plausible claim against the Defendant under the Privacy Act.

Plaintiff also fails to allege a violation of the Fair Credit Reporting Act (FCRA). 15 U.S.C. § 1681s-2(a) requires that entities that furnish data to consumer reporting agencies provide accurate information, however, there is no private right of action for consumers to enforce this duty against furnishers of information. See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 34 (3d Cir. 2011); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 445 (D.N.J. 2010). The only mechanism for a consumer to resolve a credit reporting dispute against a furnisher of information is under 15 U.S.C. § 1681s-2(b). However, the existence of a private right of action hinges on the consumer's direct notification of a dispute to the consumer credit agency. Edwards v. Equable Ascent, FNCL, LLC, 2012 WL 1340123, at *6 (D.N.J. Nov, 4, 2011). Notification of a dispute with a furnisher of information is insufficient to maintain a private right of action. See Burrell, 753 F.Supp.2d at 448. Accordingly, Plaintiff's allegation that he contacted Synchrony directly is insufficient as a matter of law to state a viable FCRA claim. Therefore, Plaintiff does not have a plausible claim against the Defendant under the FCRA.

## IV. CONCLUSION

**IT IS THEREFORE** on this \_11\_ day of March, 2020,

**ORDERED** that Defendant's motion to dismiss (ECF No. 3) is **GRANTED**; and it is further;

**ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further;

**ORDERED** that Plaintiff is hereby granted thirty (30) days from the date of entry of this Order in which to file an amended complaint that cures the pleading deficiencies as set forth by the Court.

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.

4